IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| WILLIAMS MULLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:10cv262 (JCC/TCB) |
| ) | |
| UNITED STATES ARMY CRIMINAL ) | |
| INVESTIGATION COMMAND, ) | |
| ) | |
| Defendant. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant United States Army Criminal Investigation Command's Motion to Vacate the Court's Scheduling Order of May 4, 2010. Also before the Court is Defendant United States Army Criminal Investigation Command's Motion to Stay the Proceedings for Ninety (90) Days. For the following reasons, the Court will grant both Motion to Vacate the Court's Scheduling Order of May 4, 2010 and Motion to Stay the Proceedings.

**I. Background**

This case arises out of an alleged illegal withholding of certain records by Defendant United States Army Criminal Investigation Command ("Defendant," "Government," or "USACIDC"). Plaintiff Williams Mullen ("Plaintiff" or "Williams Mullen")

filed a complaint ("Complaint") to compel production of certain documents in USACIDC's possession relating to its clients - Unconventional Concepts, Inc. ("UCI") and Michael J. Hopmeier ("Mr. Hopmeier") - in compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The allegations in the Complaint are as follows.

Williams Mullen is a Virginia law firm that represented Mr. Hopmeier and UCI in connection with the FOIA request at issue. (Compl. ¶ 3.) USACIDC is a United States government agency that possesses and controls the records sought by Williams Mullen. (Compl. ¶ 4.) On July 31, 2007, on behalf of Mr. Hopmeier and UCI, Williams Mullen sent a FOIA request to USACIDC seeking "all records pertaining to" Mr. Hopmeier or UCI. (Compl. ¶ 5; Ex. A.) On September 4, 2007, Williams Mullen submitted a Privacy Act waiver and release for the requested documents to USACIDC in response to the USACIDC's August 14, 2007 request for the waiver. (Compl. ¶¶ 7-8.) On October 16, 2007, USACIDC denied Williams Mullen's July 31, 2007 FOIA request because an active investigation regarding Mr. Hopmeier and UCI was still in progress under Exemption (j)(2) of the Privacy Act as well as Exemptions (b)(7)(A), (b)(2), (b)(6) and (b)(7)(C) of FOIA. (Compl. ¶ 8; Ex. 3.)

On July 7, 2009, the United States Attorney's Office for the District of Maryland, Northern Division ("USAO") sent a

letter to Mr. Hopmeier's personal attorney informing him that it has "completed [its] investigation of allegations that [UCI, Mr. Hopmeier,] and others violated federal criminal law in securing and completing a number of contracts and cooperative agreements with the United States." (Compl. ¶ 9; Ex. 4.) Based on this letter, Williams Mullen resubmitted its FOIA request to USACIDC on August 31, 2009. (Compl. ¶ 10; Ex. 5.) On September 29, 2009, USACIDC denied Williams Mullen's renewed FOIA request of August 31, 2009 because "an active investigation [was] in progress with an undetermined completion date" pursuant to the same exemptions cited in its first denial letter. (Compl. ¶ 11; Ex. 6.) On October 15, 2009, Williams Mullen appealed USACIDC's denial to the Office of the General Counsel, Department of the Army ("Army OGC"). (Compl. ¶ 12; Ex. 8.) On December 31, 2009, Mr. Hopmeier and an Army contracting officer, on behalf of the United States of America, entered into a settlement agreement regarding certain cases that were pending litigation before the Armed Services Board of Contract Appeals ("ASBCA"). (Compl. ¶ 15; Ex. 7.)

On January 8, 2010, the Army OGC affirmed USACIDC's denial of Williams Mullen's August 31, 2009 FOIA request based on the fact that USACIDC was still engaged in an ongoing investigation with several other law enforcement agencies. (Compl. ¶ 14; Ex. 8.) On January 26, 2010, Williams Mullen sent

3

a letter to the Army OGC to reconsider its denial of the appeal because there was no ongoing investigation of Mr. Hopmeier and UCI based on the letter it received from the USAO on July 7, 2009 as well as the December 31, 2009 settlement agreement.[1] (Compl. ¶ 15; Ex. 9.) Williams Mullen has not received any response from the Army OGC to its January 26, 2010 letter. (Compl. ¶ 15.)

On March 17, 2010, Plaintiff filed the Complaint alleging a single cause of action against USACIDC for violation of FOIA, 5 U.S.C. § 552. (Compl. ¶¶ 16-17); [Dkt. 1.] In the Complaint, Plaintiff seeks (1) a declaratory judgment that "Defendant's failure to comply with FOIA" is unlawful; (2) a judgment order asking Defendant to produce all records responsive to Plaintiff's July 31, 2008 and August 31, 2009 FOIA requests; (3) attorneys fees and other litigation costs; and (4) any other relief as the Court deems just and proper. On May 4, 2010, the Court issued a scheduling order (the "Scheduling Order") directing the parties to finish discovery by September 10, 2010. [Dkt. 10.] On May 5, 2010, Plaintiff propounded its "First Set of Requests for Production of Documents and Things to United States Army Criminal Investigation Command." (Mem. In Supp. Of

---

[1] Defendant submits that, at the time of Plaintiff's August 31, 2009 FOIA request, USACIDC's September 29, 2009 denial of Plaintiff's FOIA request, the Army OGC's January 8, 2010 denial of Plaintiff's appeal, and Plaintiff's January 26, 2010 request for reconsideration, the ASBCA still had active cases regarding UCI and Mr. Hopmeier before it. (Def.'s Mem. 3; Ex. A.) Defendant further submits that the ASBCA did not dismiss the cases regarding UCI and Mr. Hopmeier until February 24, 2010 (Def.'s Mem. at 3; Ex. C,) and that USACIDC did not close its investigation regarding UCI and Mr. Hopmeier until April 15, 2010. (Def.'s Mem. at 4; Ex. A.)

4

Def.'s Mot. to Vacate Scheduling Order and Stay Proceedings ("Def.'s Mem.") at 5; Ex. D.)  On May 14, 2010, Defendant moved the Court to vacate the May 4, 2010 Scheduling Order and to stay the proceedings for ninety (90) days to allow USACIDC to review and release the documents that had been previously withheld due to then-ongoing law enforcement investigation.  [Dkts. 11-12.] In its Memorandum in support of its Motions, Defendant submitted that it will begin releasing documents that had been previously withheld under Exemption 7(A) so long as Plaintiff agrees to pay the required processing fees.  (Def.'s Mem. at 9.)  Plaintiff filed its opposition on May 24, 2010 [Dkt. 17,] and Defendant filed its reply to Plaintiff's opposition on June 1, 2010. [Dkt. 21.]  In its reply, USACIDC suggested to the Court that it should *sua sponte* dismiss Plaintiff's case for lack of subject matter jurisdiction because Plaintiff "has failed to exhaust its administrative remedies by refusing to pay the requisite fees." (Reply Mem. in Supp. Of Def.'s Mot to Vacate the Court's Scheduling Order and Stay the Proceedings ("Def.'s Reply") at 6.)

On June 9, 2010, Defendant filed a praecipe informing the Court that Plaintiff, on behalf of Mr. Hopmeier and UCI, recently agreed to pay for the estimated fees for the documents they requested via the FOIA requests.  (Praecipe at 1.) Specifically, Plaintiff agreed to pay for the production of the 2005 investigation and final report of investigation for the 2006

investigation, with the exception of the documents not within USACIDC's control. (Praecipe at 1-2; Ex. 2.) Plaintiff further agreed that "upon [its] receipt and review of these documents, [it] will be in prompt communication regarding production of the additional fourteen boxes" that constitute the remainder of the 2006 USACIDC investigation. (Praecipe at 1-2; Ex. 1.) Defendant's Motions to Vacate the Court's Scheduling Order and to Stay the Proceedings for Ninety (90) Days are before the Court.

## II. Analysis

### 1. Motion to Vacate the Scheduling Order

Plaintiff brings this case before the Court to obtain the documents it originally requested from USACIDC through its July 31, 2007 FOIA request and the renewed August 31, 2009 FOIA request. Thus, the operative question before the Court is whether USACIDC is unlawfully withholding the requested documents from Plaintiff under Exemption 7(A)[2]. *See e.g., Hanson v. U.S. Agency for Int'l Dev.*, 372 F.3d 286, 290 (4th Cir. 2004); *Willard v. Internal Revenue Serv.*, 776 F.2d 100, 102 (4th Cir. 1985); (Mem. in Supp. of Pl.'s Opp. to Def.'s Mot. to Vacate the Court's Scheduling Order and Stay Proceedings ("Pl.'s Opp.") at 5.) In

---

[2] Exemption 7(A) authorizes the withholding of "records or information compiled for law enforcement purposes, but only to the extent that production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A).

the instant case, it is clear that the ultimate question before the Court based on the allegations in the Complaint – whether USACIDC's withholding of the requested documents under Exemption 7(A) is unlawful – is moot because Defendant agrees that "[w]ithin next two weeks, [it] will provide [Plaintiff] with" the documents that were previously withheld on the basis of Exemption 7(A) in response to Plaintiff's August 31, 2009 FOIA request. (Praecipe at 2; Ex. 2.) Thus, it logically follows that discovery into the propriety of USACIDC's previous withholding of the documents under Exemption 7(A), at this time, is unnecessary.[3] *See Walsh v. United States Dep't of Veterans Affairs*, 400 F.3d 535, 536 (7th Cir. 2005) (holding that "[i]n general, 'once the government produces all the documents a plaintiff requests, her claim for relief under the FOIA becomes moot'") (quoting *Anderson v. United States Dep't of Health & Human Servs.*, 3 F.3d 1383, 1384 (10th Cir. 1993)); *Tijerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987) (holding that "'[h]owever fitful or delayed the release of information under the FOIA may be . . . if we are convinced appellees have, however belatedly, released all nonexempt material, we have no further judicial function to perform under the FOIA.'") (quoting *Perry v.*

---

[3] Contrary to Plaintiff's contention, the Court believes that granting the USACIDC's motions to vacate and stay the proceedings will not force Plaintiff back into administrative proceedings or prejudice Plaintiff from seeking attorneys' fees as such questions are neither currently nor properly before the Court.

*Block*, 684 F.2d 121, 125 (D.C. Cir. 1982)). Based on the foregoing reasons, the Court will grant Defendant's Motion to Vacate the Court's May 4, 2010 Scheduling Order.

### 2. Motion to Stay the Proceeding for Ninety Days

In its praecipe, USACIDC seeks a stay of proceedings pending release of the requested documents (*i.e.*, documents regarding the 2005 investigation and final report of investigation for the 2006 investigation, with the exception of the documents not within USACIDC's control). Further, USACIDC asks for an additional stay for ninety (90) days in the event that Plaintiff requests the production of the additional fourteen boxes of documents that constitute the remainder of the 2006 USACIDC investigation and agrees to pay for the particular production. Based on the unusual procedural circumstances of this case, the Court finds that a stay is justified and appropriate to afford adequate time for both parties to release and review the requested documents. However, the Court will only stay the proceedings for ninety (90) days - that is until and including Sunday, September 12, 2010 - and will order the parties to appear before the undersigned for a status conference on Friday, September 10, 2010 at 10 a.m. at which time the Court will either extend or lift the stay based on parties' status at that time.

### III. Conclusion

For the foregoing reasons, the Court will grant Defendant USACIDC's Motion to Vacate the Court's May 4, 2010 Scheduling Order as well as its Motion to Stay the Court's Proceedings.

June 14, 2010  
Alexandria, Virginia

                                    /s/  
                              James C. Cacheris  
              UNITED STATES DISTRICT COURT JUDGE