IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Williams Mullen, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | 1:10cv262 (JCC) |
| United States Army Criminal ) | |
| Investigation Command, ) | |
| ) | |
| Defendant. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant United States Army Criminal Investigation Command's Motion to Extend the Court's ninety-day stay ("Mot. Stay") by an additional ninety days. [*See* Dkt. 27.] For the following reasons, the Court will grant the Motion.

**I.   Background**

This case arises out of an alleged illegal withholding of certain records by Defendant United States Army Criminal Investigation Command ("Defendant," "Government," or "USACIDC"). Plaintiff Williams Mullen ("Plaintiff") filed a complaint (the "Complaint") to compel production of certain documents in USACIDC's possession relating to its clients--Unconventional

1

Concepts, Inc. ("UCI") and Michael J. Hopmeier ("Mr. Hopmeier")--under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

Plaintiff filed its original FOIA request on July 31, 2007. (Compl. ¶ 5; Ex. A.) USACIDC denied that request on October 16, 2007, citing an active investigation regarding Mr. Hopmeier and UCI. (Compl. ¶ 8; Ex. 3.) After Mr. Hopmeier allegedly learned that investigation was complete, on July 7, 2009, Plaintiff resubmitted its FOIA request on August 31, 2009. (Compl. ¶ 10; Ex. 5.) USACIDC denied it on September 29, 2009, again citing an active investigation. (Compl. ¶ 11; Ex. 6.) Plaintiff appealed to the Army Office of General Counsel ("Army OGC"), but the Army OGC affirmed the decision on January 8, 2010, again citing the investigation. (Compl. ¶¶ 12, 14; Ex. 8.) Plaintiff requested by letter that the Army OGC reconsider on January 26, 2010, but received no response. (Compl. ¶ 15; Ex. 9.)

On March 17, 2010, Plaintiff filed a Complaint against USACIDC for alleged FOIA violation. (Compl. ¶¶ 16-17); [Dkt. 1.] On May 4, 2010, the Court issued a scheduling order (the "Scheduling Order") directing the parties to finish discovery by September 10, 2010. [Dkt. 10.] On May 14, 2010, Defendant moved to vacate this Order and to stay the proceedings for ninety days to allow it time to review and release documents previously withheld due to the investigation. [Dkts. 11-12.]

Those documents fell into three categories: documents from a 2005 investigation, the 2006 report of investigation (the "2005 and 2006 Materials"), and approximately 37,000 pages of field files from the investigation (the "Field Files"). (Mot. Stay at 3.) Defendant provided a cost estimate for production of these files and twice asked for confirmation that Plaintiff would pay the cost. *Id.* Plaintiff initially refused but later agreed to pay for production of the 2005 and 2006 Materials. (Mot. Stay at 4.)

Per Defendant's request, the Court issued an Order on June 14, 2010, staying proceedings until September 12, 2010 (the "Stay"). [Dkt. 27.] Defendant then produced redacted copies of both sets of documents on June 11, 2010, and June 25, 2010, respectively, but, at Plaintiff's request did not produce the Field Files. (Mot. Stay at 5.) Six weeks later, on July 28, Plaintiff requested production of the Field Files. (Mot. Stay at 5.) Defendant now requests that the stay be extended by ninety to allow it time to comply with this request. [Dkts. 28, 29.] Plaintiff filed a Memorandum in Opposition on August 30, 2010 [Dkt. 31], and Defendant filed a Reply on September 7, 2010 [Dkt. 34]. Defendant's request is before the Court.

## II. Analysis

In support of its requested extension, Defendant cites a heavy workload, exacerbated by deadly conditions in Afghanistan (battlefield fatalities often result in FOIA requests), reduced staff, and a pending office move from Fort Belvoir to the Marine Corps base at Quantico, Virginia. (Mot. Stay at 7-9.) Defendant also notes that despite its promise to do so, Plaintiff has not paid production costs for any of the materials requested, presumably because it objects to redactions on the 2005 and 2006 Materials (Plaintiff does not say). (Mot. Stay at 6; Opp. at 2.) Defendant refuses to produce the Field Files until Plaintiff pays for the 2005 and 2006 Materials (Mot. Stay at 6). Defendant threatens to administratively close Plaintiff's FOIA request if those materials are not paid for by September 16, 2010, at noon. (Reply at 4.) In that instance, Defendant does not object to the stay being permitted to expire. (Reply at 8.)

If Plaintiff pays, however, Defendant claims it needs until December 11, 2010, to process the Field Files and requests the Stay be extended to that date. (Mot. Stay at 6.) Plaintiff assents to this production date for the Field Files, but objects to extending the stay because that will prevent it from challenging Defendant's redactions of the 2005 and 2006 Materials until the stay is lifted. (Opp. at 2.) Plaintiff

4

suggests that the stay be permitted to expire and that the Government be granted an extension solely for producing the Field Files. (Opp. at 2.)

Defendant raises several objections to this suggestion. The first is that it would further delay production of the Field Files by requiring Defendant to first prepare declarations and *Vaughn* indicies (justifying the redactions made) for the 2005 and 2006 Materials. (Reply at 4-5.) Second, the suggestion would adversely affect judicial economy by allowing Plaintiff to challenge the redactions for those Materials, many of which may be repeated in the Field Files, causing duplicative litigation. (Reply at 5.) Third, the suggestion would permit Plaintiff to litigate its redaction claims before fully exhausting its overall FOIA claim, which included a request for the Field Files. (Reply at 6.)

Turning first to Defendant's legal justification--exhaustion--it is not clear that Plaintiff remains bound by FOIA's exhaustion requirement, because "once an agency fails to respond timely to a request, FOIA permits the requester immediately to file an enforcement suit." *Pollack v. Dep't of Justice*, 49 F.3d 115, 119 (4th Cir. 1995). FOIA requires that initial requests be responded to within twenty days of their submission, with a determination and explanation regarding whether the agency will comply. 5 U.S.C. § 522(6)(A)(i). The

same deadline applies for appeals of agency decisions. 5 U.S.C. § 522(6)(A)(ii). And it states that "any person making a request . . . shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit." 5 U.S.C. § 522(6)(C)(i). In this case, the Complaint lists several allegations of FOIA requests and appeals not being responded to within the time limit. (Compl. ¶¶ 5-8, 10-11, 12-14, 15.) Plaintiffs therefore may not be bound by the exhaustion requirement.

The question, then, is whether the extension (as opposed to Plaintiff's solution) is justified by Defendant's other arguments. The Court finds that it is. Critically, the split timing in the Government's production--between the 2005 and 2006 Materials and the Field Files--is entirely of the Plaintiff's creation. Plaintiff originally requested all three sets of materials together; then, only once informed of the cost of production, asked that the 2005 and 2006 Materials be produced first, and only later requested the Field Files. (Mot. Stay Ex. 1 (Declaration of Michelle Kardelis), Ex. A.) It seems unfair to penalize the Government for Plaintiff's change of heart. The Court will therefore grant the extension of the stay, and once the requested production is made in full, Plaintiff will be welcome to challenge its adequacy.

6

### III. Conclusion

This Court will therefore grant Defendant's request to extend the stay until December 11, 2010.

|  |  |
|---|---|
| | /s/ |
| September 23, 2010 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |